## 7893

## STATE v. BAXTER.

RECOGNIZANCE.—From the recitals in the rule and the knowledge the surety had of the facts, he could not have been misled into thinking the rule applied to the appearance bond and not the appeal bond.

Before GAGE, J., Georgetown, June, 1910. Affirmed.

Proceedings to estreat recognizance against J. A. Baxter. Surety appeals.

*Mr. T. St. Mark Sasportas,* for appellant, cites: *Rule is insufficient:* 25 Ill. 71; 16 Ill. 171; 43 Tex. 389; 19 Ency. P. &. P. 268, 309; 35 Cyc. 1152b. *One process should not be tried on proceedings in another:* 35 Cyc. 1158; 3 Grant 236.

*Solicitor Walter H. Wells,* contra. *No appeal lies from rule:* 13 S. C. 452.

May 4, 1911. The opinion of the Court was delivered by

MR. JUSTICE WOODS. One Daniel Harley entered into a recognizance in the sum of $200 with the defendant Baxter

and C. E. Herriott as sureties, conditioned for his appearance at the Court of General Sessions for Georgetown county to answer.a charge of violating the dispensary law. Harley appeared according to his obligation, was tried, convicted and sentenced. Thereupon he gave notice of appeal and entered into another recognizance with the same sureties in the sum of $300 conditioned that he "shall abide by the judgment or order of the Supreme Court, and any judgment or order of this Court made in pursuance thereof; and shall abide the sentence of this Court, rendered in this case, provided the appeal shall be dismissed or overruled; and shall appear whenever required by order of this Court." Afterwards, a rule was issued against Harley and his sureties reciting, "Whereas, Daniel Harley lately entered into recognizance in the penal sum of three hundred dollars, conditioned that the defendant would appear at the Court of General Sessions of the said county and State, to answer to a bill of indictment to be preferred against him," and requiring the parties to show cause "why the said recognizance should not be estreated and adjudged to be forfeited, and execution issued for the penalty of the same."

In addition to the rule above recited an order was made by Judge Gary in these words: "It appearing to the Court that Daniel Harley is under recognizance to appear in Court of Sessions on November 9, 1903, then and there to answer to a bill of indictment to be preferred against him for violation of the dispensary law and to do and receive what shall be enjoined by this Court and not depart the Court without license, in the above stated case; and was convicted; and appeals to the Supreme Court; and the decision of this Court was affirmed; and he has this day been called three times before the courthouse and failed to answer when called, on motion of Walter H. Wells, solicitor, it is ordered, that Daniel Harley and also his sureties, to wit, J. A. Baxter and G. E. Herriott, do show cause, on the first day of the next term of this Court, why said recognizance should not be

estreated and judgment entered against them for the sum
of $300, the amount fixed in such recognizance, as the
penalty thereof.    Let a copy of this order be served upon the
makers of said recognizance or either of them."

The rule and order were duly served and the surety Bax-
ter. made a return thereto.    The appeal is from an order
adjudging the return insufficient and directing judgment to
be entered against Baxter and the estate of Herriott in the
sum of three hundred dollars.

· The ground of the appeal is that the rule and the order
referred to the first recognizance for the appearance of Har-
ley for trial, and did not notify Baxter that he was required
to show cause why the second recognizance given after his
conviction should not be forfeited.

The point is too technical.    It is true that the rule recites
the terms of the first recognizance, and there are recitals of
the same kind in the order of Judge Gary, but the order also
recited the conviction of Harley and his appeal, and the
decision of the Supreme Court on the appeal, and both the
rule and the order further identified the second recognizance
as that to which they related by mention of $300, which was
the amount of that recognizance instead of $200, the amount
of the first recognizance.    Considering these recitals in
connection with the fact that the surety Baxter when he
signed the recognizance conditioned that Harley should abide
the result of the appeal must have known that the first
recognizance had been discharged by the appearance, convic-
tion and sentence of Harley, it seems perfectly clear that he
was not misled by other recitals of the rule and order and
that he was fully advised by them that he was required to
show cause why judgment should not be entered on the
second recognizance.

The judgment of this Court is that the judgment of the
Circuit Court is affirmed.